UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM KNUDSEN, | ) ) ) |
| Plaintiff-Relator, | ) ) |
| v. | Case No. 4:18-cv-04230-SLD-JEH ) ) |
| KBR, INC., | ) ) |
| Defendant. | ) |

ORDER

Before the Court is a motion to reopen this case filed pro se by Relator Adam Knudsen, ECF No. 11.[1] For the reasons stated below, the motion is DENIED.

**BACKGROUND**

This closed qui tam case proceeded unremarkably. Knudsen (then represented by counsel) filed his complaint, ECF No. 1, on December 26, 2018 and about eight months later, Plaintiff United States of America (the "Government") elected not to intervene, Not. Election Decline Intervention 1, ECF No. 5. On October 17, 2019, Knudsen filed a notice of voluntary dismissal under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i), ECF No. 9, and after the Government consented to the dismissal, Statement, ECF No. 10, the Court gave its consent and closed the case, *see* Oct. 23, 2019 Text Order.[2]

---

[1] While this document is described on the docket as a motion, it is hardly styled as one; in fact, it does not even include the word "motion." It instead appears to be a letter to the Court. Nevertheless, the Court, mindful that "pro se filings should be read liberally," *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (citation omitted), shall construe it as a motion.

[2] Normally, a Rule 41(a)(1)(A)(i) notice of dismissal itself terminates a case. However, a private person can only dismiss a case brought under the federal False Claims Act "if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *See* 31 U.S.C. § 3730(b)(1).

1

But now Knudsen wants to revive it.  On October 8, 2020, Knudsen filed his pro se motion to reopen.  The Government responded a few days later, arguing the motion should be denied because Knudsen cannot proceed pro se on its behalf.  Resp. Relator's Mot. Reopen 2, ECF No. 12.  On November 20, 2020, Knudsen filed a letter to the Court, ECF No. 13.

## DISCUSSION

### I.      Knudsen's Motion Papers Violate the Local Rules

As an initial matter, Knudsen's motion papers run afoul of Local Rule 7.1.  "[I]t is . . . well established that pro se litigants are not excused from compliance with procedural rules." *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Jackson v. Vaughan & Bushnell Mfg. Co.*, Case No.: 14-1211, 2015 WL 4637386, at *2 (C.D. Ill. Aug. 4, 2015) ("While the Court is sympathetic to Plaintiff because he is proceeding *pro se*, Plaintiff still must abide by the Local Rules.").

First, Knudsen failed to "include a memorandum of law" with his motion.  *See* CDIL-LR 7.1(B)(1).  Second, while his motion includes "the specific points or propositions of law" upon which he relies, he did not cite any "supporting authorities."  *Id.*; *see Springfield Branch, NAACP v. City of Springfield*, 00-3136, 2005 WL 8164654, at *1 (C.D. Ill. Nov. 4, 2005) (finding a memorandum of law violated Local Rule 7.1(B)(1) because the argument section therein failed to "cite any case law or statutory authority").  Third, Knudsen did not "identify[] the Rule under which the motion is filed."[3]  *See* CDIL-LR 7.1(B)(1).  While "district courts may reasonably require that even pro se litigants *strictly* comply with local rules," *Lipinski v.*

---

[3] The word "rule" in this context refers to the Federal Rules of Civil Procedure.  *See Doe Child by Doe v. Stark Cnty. Cmty. Unit Sch. Dist. #100*, Case No. 19-1215-MMM, 2019 WL 6702538, at *11 (C.D. Ill. Dec. 9, 2019) (denying a motion in part because the movant "omit[ted] the Federal Rule of Civil Procedure under which his motion" was filed).

*Castaneda*, 830 F. App'x 770, 771 (7th Cir. 2020) (emphasis added), the Court shall, in its discretion and in the interest of judicial economy, excuse these violations. *See Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Rice Equip. Co.*, No. 14-3390, 2015 WL 4378192, at *2 (C.D. Ill. July 15, 2015) (declining to strike a motion that did not include a memorandum of law, cite any case law, or identify the Rule under which it was filed in part because "if the Court did strike the Motion, the Court would grant Defendant leave to refile, which would only delay the case further"). Indeed, because Knudsen's motion fails on multiple grounds, *see infra* section II., despite its technical shortcomings, it should be decided now.

But Knudsen's fourth violation cannot be excused. The Local Rules do not permit a party to file a reply brief (except when it relates to a summary judgment motion) without leave of Court, *see* CDIL-LR 7.1(B)(3), and to request leave, a party must file a motion for leave and attach the proposed brief as an exhibit thereto, *see id.* 7.1(F). In filing a reply[4] without first seeking leave, Knudsen violated both of these rules. And since Knudsen's motion is facially deficient, there are no efficiency concerns that justify keeping his reply on the docket. Accordingly, Knudsen's reply is stricken.

## II.     Knudsen's Motion Fails

Knudsen's motion to reopen fails for two reasons: (A) he is not authorized to prosecute this case pro se and (B) even if he were, his motion, best construed as one under Rule 60(b), does not hold water.

---

[4] As previously noted, while Knudsen's motion (ECF No. 11) appears to be a letter, it is described on the docket as a motion and is treated as such. *See supra* note 1. Knudsen's letter (ECF No. 13), in contrast, is described as a letter. However, the Court shall construe it as a reply, as it is facially indistinguishable from the motion; indeed, both documents contain a few pages of argument and attach exhibits. *See generally* ECF Nos. 11, 13. Moreover, the letter concerns the same subject matter as the motion and attempts to refute the Government's opposition. *See* ECF No. 13 ¶ 2 ("I, Adam Knudsen, am permitted by the judge to self represent [sic] . . . .").

### A.     Knudsen Cannot Litigate this Case Pro Se

As the Government notes, Resp. Relator's Mot. Reopen 2, Knudsen cannot reopen this action because "a pro se relator cannot prosecute a qui tam action." *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) (citation omitted), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009); *see also United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (holding a qui tam relator "must comply with the general rule prohibiting nonlawyers from representing other litigants" (citing *Lu*, 368 F.3d at 775)). Indeed, while a relator "is not technically the government's lawyer," "he is acting as an attorney for the government" and "the same policy that forbids litigants . . . to be represented by nonlawyers . . . is applicable to qui tam suits." *Lu*, 368 F.3d at 775 (citations omitted). Without counsel, Knudsen cannot press this case and the Court therefore cannot grant his motion.

### B.     Knudsen's Motion Does Not Satisfy Rule 60(b)

Even if Knudsen had counsel, his motion to reopen would still fail. While Knudsen did not file his motion under a particular Rule, the Court reads it as one under Rule 60(b), which allows a court to relieve a party from a "final judgment, order, or proceeding" for certain enumerated reasons. *See generally* Fed. R. Civ. P. 60(b). To be sure, a Rule 41(a)(1) dismissal is (by default) without prejudice, Fed. R. Civ. P. 41(a)(1)(B),[5] and not a final judgment. *See Perry v. Globe Auto Recycling, Inc.*, 14 F. App'x 695, 695 (7th Cir. 2001) ("Because [the plaintiff's] voluntary dismissal [under Rule 41(a)(1)] was without prejudice, there has not been a final judgment . . . ."). Moreover, "[a] suit that is voluntarily dismissed under Rule 41(a)

---

[5] While a Rule 41(a)(1)(A)(i) notice can specify dismissal thereunder is with prejudice, Knudsen's notice does not do so. Not. Voluntarily [sic] Dismissal Without Prejudice; *see* Oct. 23, 2019 Text Order (allowing Knudsen to voluntarily dismiss this case "without prejudice").

generally is treated as if it had never been filed," *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (citations omitted), and "once a valid Rule 41(a) notice has been served, the case is gone; no action remains for the district judge to take, and her further orders are void," *United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 970 F.3d 835, 849 (7th Cir. 2020) (quotation marks and alterations omitted). Nevertheless, the Seventh Circuit has found "[a] voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) . . . does not deprive a district court of jurisdiction for all purposes" and held "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action." *Nelson*, 657 F.3d at 589; *cf. Yesh Music v. Lakewood Church*, 727 F.3d 356, 362–63 (5th Cir. 2013) (holding a Rule 41(a)(1)(A) dismissal without prejudice is a final proceeding under Rule 60(b) and accordingly subject to vacatur thereunder).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014) (quotation marks omitted). A court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Knudsen argues his dismissal "was due to intimidation and duress" on the part of his counsel. Mot. Reopen 1, 3. Duress is not an enumerated reason for relief.[6]

---

[6] While Rule 60(b)(3) refers to "misconduct," it refers to misconduct by an "opposing party," and Knudsen only contends his attorneys—and not Defendant KBR, Inc.—acted nefariously. *Cf. McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968) (finding a motion alleging a judgment was procured by fraud on the part of a party's own counsel should have been brought under Rule 60(b)(6) instead of Rule 60(b)(3)).

Accordingly, the Court construes Knudsen's motion as one pursuant to Rule 60(b)'s catchall provision, Rule 60(b)(6). *Cf. Lannan v. Reno*, 139 F.3d 901, No. 97-3170, 1998 WL 90843, at *1 (7th Cir. 1998) (unpublished table decision) (finding Rule 60(b)(6) "provides the only possible basis for relief in this case" after noting the plaintiff alleged she signed a settlement agreement under duress); *Lutin Invs., Ltd. v. Nigerian Nat'l Petroleum Corp.*, 12-cv-5191 (SAS), 2016 WL 899319, at *1, *5 (S.D.N.Y. Mar. 2, 2016) (finding an argument that a judgment should be vacated because the settlement agreement it was based upon was executed under duress was "directed to Rule 60(b)(6)").

All Rule 60(b) motions present two issues: whether the motion is timely brought and whether it succeeds on the merits. Knudsen's Rule 60(b)(6) motion falls short on both counts.

    **1.    Knudsen's Motion Is Untimely**

First, Knudsen waited too long before filing his motion. A Rule 60(b)(6) motion must be made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). While "there is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion," courts look at "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (per curiam) (quotation marks and alteration omitted).

There is no discernible reason why Knudsen waited nearly a year after he voluntarily dismissed this case to move to reopen it. Indeed, his duress argument does not rely on any newly discovered information; he has been aware of the circumstances of his dismissal since he filed his Rule 41(a)(1)(A)(i) notice. *See* Mot. Reopen 3 ("My representation demanded I withdrawal [sic] by my son's birthday and without explanation why the case was being dismissed, I

6

complied."). Knudsen cannot be given the opportunity to resuscitate this case when he had reason to do so months before. *See Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 954–55 (7th Cir. 1997) (determining the district judge did not abuse his discretion in concluding the plaintiff's Rule 60(b)(6) motion was untimely in part because the plaintiffs were aware of the dispute underlying their motion well over a year before they brought it (citations omitted)); *see also In re: Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, Case No. 14 C 1748, 2019 WL 1426008, at *6 (N.D. Ill. Mar. 29, 2019) (finding a motion as to Rule 60(b)(6) was untimely because the movants could have recognized the issue underlying it and filed it ten months prior).

  **2.  Knudsen's Motion Is Groundless**

But even if Knudsen's motion were timely, it would fail on the merits. Relief under Rule 60(b)(6) is "available only in extraordinary circumstances." *Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 777 (2017) (quotation marks omitted).[7] Courts may consider a "wide range of factors" to determine whether extraordinary circumstances are present, including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Id.* at 778 (quotation marks omitted). The movant bears the burden of establishing extraordinary circumstances exist, *see Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535–38 (2005)), a burden which is quite heavy, *cf.*

---

[7] Admittedly, the language of the Rule 60(b)(6) standard is almost identical to that of the general Rule 60(b) standard. *Compare Buck*, 137 S. Ct. at 777 (quotation marks omitted) (stating Rule 60(b)(6) relief is only available in "extraordinary circumstances" (quotation marks omitted)), *with Kathrein*, 752 F.3d at 690 (stating Rule 60(b) relief is only available in "exceptional circumstances" (quotation marks omitted)). But the standards themselves indeed are distinguishable: "Rule 60(b)(6) is [an] even more highly circumscribed exception in [a] rule already limited to exceptional circumstances." *See Neuberg*, 123 F.3d at 955 (citing *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995)).

*Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (noting that in bringing a Rule 60(b) motion, the plaintiff was "swimming upstream").

Knudsen does not come close to meeting it. Whether duress constitutes an extraordinary circumstance within the meaning of Rule 60(b)(6) is not clear. But even if it does, Knudsen has provided no evidence he filed his Rule 41(a)(1)(A)(i) notice under duress. Put differently, he has given no reason to believe his counsel "created coercive conditions that negated [his] ability" to freely determine whether he wanted to dismiss his case. *See Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) (citing *Involuntary*, *Black's Law Dictionary* (7th ed. 1999)) (determining the plaintiff, who moved the court to vacate his Rule 41(a)(1)(A)(i) dismissal on the ground she filed it under duress caused by one of the defendants and the district court, "offer[ed] no persuasive evidence that her dismissal was involuntary").

Knudsen's sole argument concerning duress is "[m]y representation demanded I withdrawal [sic] by my son's birthday and without explanation why the case was being dismissed, I complied."[8] Mot. Reopen 3. But he provides no details concerning this supposed demand; he "gives no indication of what form the duress took, or who . . . applied it." *See Freeman v. Ray*, No. 12-cv-00154-PPS, 2014 WL 3894352, at *1–2 (N.D. Ind. Aug. 7, 2014) (finding the plaintiff did not show he executed a Rule 41(a)(1)(A)(ii) stipulation of dismissal under duress caused by the defendant and the district court). More importantly, simply because his counsel may have "demanded" he dismiss his case does not mean his counsel acted so coercively that he had no choice but to assent. *See Warfield*, 267 F.3d at 542. Also, his case was not, contrary to his assertion, "being dismissed"—he had the sole power to dismiss his case

---

[8] The vast majority of Knudsen's motion consists of arguments that appear to concern the merits of his case. They are inapposite. While some of the evidence he cites purports to concern duress, it does not relate to his prior counsel or the dismissal in this case.

8

under Rule 41(a)(1)(A)(i) and if he did not want to, he did not have to. He chose to dismiss his case under this rule and there being no evidence that he was under duress in doing so, his dismissal shall not be disturbed. This result can hardly be called unjust, *see Buck*, 137 S. Ct. at 778, and given Rule 60(b) recognizes "[t]he need for the finality of judgments is an overarching concern" and "[i]ts framers set a high[] value on the social interest in the finality of litigation," *Dolin v. GlaxoSmithKline, LLC*, 951 F.3d 882, 891 (7th Cir. 2020) (quotation marks and alteration omitted), the risk this result "undermin[es] the public's confidence in the judicial process" is quite low, *see Buck*, 137 S. Ct. at 778 (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Relator Adam Knudsen's pro se motion to reopen this case, ECF No. 11, is DENIED and the Clerk shall STRIKE Knudsen's reply, ECF No. 13.

Entered this 3rd day of June, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
